UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SARA MORROW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action Number ) **3:19-cv-01094-AKK** |
| SMITH ROUCHON AND ASSOCIATES, INC., A MISSISSIPPI CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Sara Morrow brings claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., against Smith Rouchon and Associates, Inc. (SRA), contending that SRA improperly attempted to collect a debt she discharged in bankruptcy. *See* doc. 1. Briefly, Morrow filed for bankruptcy under Chapter 13 and later Chapter 7, discharging her debts—including the debt she allegedly owed to the Franklin County Solid Waste for garbage collection services. *Id*. at 2. Morrow claims SRA violated the FDCPA when, despite having received notice of her bankruptcy filing, SRA sent Morrow a collection letter demanding payment of fees to Franklin County Solid Waste. *Id*. at 3. Specifically, Morrow alleges SRA violated (1) § 1692e by demanding payment of a debt that is not owed (Count I), (2) § 1692c(c) by continuing to seek collection from Morrow after receiving direction to

cease communications, and (3) § 1692c(a)(2) by communicating with a consumer SRA knew to be represented (Count III). *Id*. at 3-5. Before the court is SRA's motion for judgment on the pleadings.[1] Doc. 11. The motion is fully briefed, doc. 12; 19; 20, and ripe for review. Because the charges Morrow owes to Franklin County Solid Waste are not consumer debts within the meaning of the FDCPA, Morrow fails to state a claim and SRA's motion for judgment on the pleadings is due to be granted.

## I. STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In ruling on the motion, the court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* A Rule 12(c) motion for judgment on the pleadings requires the same standard of analysis as that of a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). As such, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] SRA also moved in the alternative for summary judgment. It is unnecessary to convert SRA's motion to a motion for summary judgment because the only material attached to SRA's motion that the court considers, Morrow's bankruptcy docket sheet, is central to Morrow's claim and undisputed, and may be incorporated by reference. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding the doctrine applies to Rule 12(b)(6) and 12(c) cases).

678 (2009) (citation and internal quotation marks omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the *Iqbal* standard to an appeal concerning a Rule 12(c) judgment on the pleadings). In other words, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[2]

SRA is a debt collector. Docs. 1 at 1-2; 1-6. In February 2016, Morrow filed for Chapter 13 bankruptcy, discharging a debt she allegedly owed to Franklin County Solid Waste. *Id.* at 2. Her petition listed SRA as a creditor, acknowledging a debt of $200.00, *see* doc. 1-1, and the bankruptcy court sent SRA a Notice of Chapter 13 Bankruptcy Case in late February, doc. 1-2 at 1. SRA subsequently filed a claim for payment in Morrow's bankruptcy. Doc. 1-3. Morrow converted her bankruptcy to Chapter 7 in April 2019, doc. 1 at 2, again listing her alleged $200.00

---

[2] Morrow's allegations are presumed true for purposes of Fed. R. Civ. P. 12(c). As such, the facts are taken from the Complaint, doc. 1, and its attached exhibits, docs. 1-1; 1-2; 1-3; 1-4; 1-5; 1-6. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (citations and quotation marks omitted).

debt to Franklin County Solid Waste and SRA, doc. 1-4, prompting the bankruptcy court to send SRA a Notice of Chapter 7 Bankruptcy Case, doc. 1-5. Despite these notices, SRA sent Morrow a collection letter in June 2019 demanding payment of an alleged $136.00 debt to Franklin County Solid Waste. Docs. 1 at 3; 1-6.

## III. ANALYSIS

SRA argues principally (1) that Morrow is judicially estopped or lacks standing under FDCPA because her claim against SRA arose before the discharge of her Chapter 7 bankruptcy case,[3] docs. 11 at 7-14; (2) that Morrow's claims are core bankruptcy proceedings over which this court lacks jurisdiction,[4] doc. 20 at 2-

---

[3] SRA contends that because Morrow's claims arose in June 2019, over a month before the bankruptcy court discharged her Chapter 7 case, she is either judicially estopped from bringing her claims in federal court or she lacks standing to do so. Docs. 11 at 7-14. To the contrary, Morrow's claim arose when she received SRA's dunning notice in June 2019, two months after she initiated the Chapter 7 proceeding. Therefore, because Morrow's claims are not rooted in her pre-bankruptcy past, they are entirely post-petition and are not a part of the Chapter 7 estate. As such, she is not judicially estopped from pursuing her FDCPA claims. SRA's assertion that Morrow lacks standing is also unavailing. "The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act." *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 (11th Cir. 2016) (citing 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person....")). When a debtor files for bankruptcy under Chapter 7, pre-petition civil claims become part of the bankruptcy estate, and only the estate's trustee may pursue them. *Parker v. Wendy's Int'l., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). As discussed above, however, Morrow's FDCPA claim did not predate her Chapter 7 conversion, and therefore did not become part of her bankruptcy estate.

[4] SRA raises for the first time in their Reply their contention that this court lacks jurisdiction over Morrow's claims. *See* doc. 20 at 5 (stating that because "the thrust of [Morrow's] action is the enforcement of the automatic stay, which is a matter within the exclusive jurisdiction of the bankruptcy court"). Arguments raised for the first time in reply briefs are waived. *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir. 2010) (citing *McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1496 (11th Cir.1990) ("A party normally waives its right to argue issues not raised in its initial brief.")). Moreover, "[t]he [FDCPA] and the [Bankruptcy] Code have different purposes and structural features," *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1414-15 (2017), and the Code does not "altogether displace[] the FDCPA, leaving it with no role to play in bankruptcy

5, and (3) that the charge at issue in Morrow's complaint is a tax, not a consumer debt, and therefore does not fall under the purview of FDCPA,[5] docs. 11 at 14-16; 20 at 5-9. The court agrees with the last contention.

To state a FDCPA claim, Morrow must allege (1) that she was subjected to a collection attempt, (2) that SRA is a debt collector, and (3) that SRA violated the FDCPA. *Swann v. Dynamic Recovery Sols., LLC.*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *3 (N.D. Ala. Nov. 28, 2018). The parties do not dispute that SRA is a debt collector and subjected Morrow to a collection attempt for the garbage collection debt while she was in bankruptcy proceedings. *See* docs. 1; 11; 12; 19; 20. At issue is the third prong. More specifically, whether SRA is correct that the FDCPA does not apply to the charges at issue because those charges are taxes, not consumer debts. Docs. 11 at 14-16; 20 at 5-9.

To state a plausible FDCPA claim, "a plaintiff must make a threshold showing that the money being collected qualifies as a debt." *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 836-37 (11th Cir. 2010). A consumer debt is "any obligation or alleged

---

proceedings," *id.* at 1419 (Sotomayor, J., dissenting). Therefore, this argument also fails on the merits.

[5] SRA also moves for judgment on the pleadings based on Morrow's allegedly incorrect assertion that SRA is not registered to do business in Alabama. *See* doc. 12 at 5-7. Morrow abandons this allegation in her Response, stating her complaint "makes no claims based on the Defendant's lack of a State of Alabama business license," doc. 19 at 1 n.1, and are "in no way central—nor are they relevant—to any of . . . Morrow's claims [or] any affirmative defenses," *id.* at 7. Finally, SRA argues for dismissal also on the contention that Morrow's § 1692c(c) claim is frivolous. Although the court does not need to reach SRA's argument, it generally disagrees with the premise that challenging unwarranted collection efforts is a frivolous exercise.

obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." § 1692a(5). "A transaction under the FDCPA must involve some kind of business dealing or other consensual obligation." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370-71 (11th Cor. 1998). Stated simply, a debt under the FDCPA is an obligation arising from a contract. *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016).

The issue before the court is whether Morrow's obligation to pay her county for garbage removal services is a municipal tax that falls outside the purview of the FDCPA, as SRA alleges, docs. 11 at 14-16; 20 at 5-9, or is a consumer debt, as Morrow contends, doc. 19 at 11-15. Several circuits have held that the FDCPA does not encompass taxes, and the district courts in this circuit that have addressed this issue have reached a similar conclusion.[6] For the reasons below, because the court concludes that the garbage collection fees are mandatory, rather than contractual, and are therefore more akin to a tax, the court joins these other courts in finding that efforts to collect a "tax" are not covered by the FDCPA.

---

[6] *See Staub v. Harris*, 626 F.2d 275 (3d. Cir. 1980) (holding per capita tax was not a debt encompassed by the FDCPA); *Beggs v. Rossi*, 145 F.3d 511, 512 (2d. Cir. 1998) (personal property taxes are not consumer debts); *McAfee v. Internal Revenue Service*, No. 1:17-CV-1250-SCJ-AJB, 2017 WL 2794242, at *3 (N.D. Ga. May 15, 2017) (finding IRS tax collection is not subject to the FDCPA); *Surber v. McCarthy, Burgess & Wolff, Inc.*, No. 14-309-CG-M, 2015 WL 2190941, at *3 n.5 (S.D. Ala. 2015) (noting tax obligations are not debts under the FDCPA); *United States v. Henry*, No. 8:09-CV-1963-JDW-TBM, 2010 WL 299249, at *2 (M.D. Fla. January 21, 2010) (holding income "taxes are not debts within the meaning of the FDCPA").

Two elements determine whether Morrow's obligation is better defined as a tax or a consumer debt: (1) whether the obligation arose from a contract, and (2) whether the service rendered was "primarily for personal, family, or household purposes." § 1692a(5); *See St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351 (3d. Cir. 2018). Where charges arise from contractual agreements between the debtor and the service provider, they constitute consumer debts under the FDCPA.[7] However, automatic fees that require no affirmative consent from the obligee fail the transactional criterion for FDCPA consumer debts.[8] And, where, as here, municipal services provide for the general welfare, they do not meet the FDCPA statutory "personal use" requirement.[9] In that respect, Morrow can only pursue her claim if her obligation to Franklin County is more appropriately deemed

---

[7] *See, e.g. St. Pierre*, 898 F.3d at 362-63 (finding highway toll fees were transactional where plaintiff chose to avail himself of the roads); *see also Pollice v. National Tax Funding*, 225 F.3d 379, 400 (3d. Cir. 2000), *abrogated on other grounds by Tepper v. Amos Financial, LLC*, 898 F.3d 364 (3d. Cir. 2018), (finding contractual agreement in homeowner's request for water and sewer service); *Piper* 396 F.3d 227, 233 n.8 (3d. Cir. 2005) (finding homeowner's metered water bills transactional because of the correlation between use and fee); *see also Agrelo*, 841 F.3d at 951 (holding home owners' association fines were consumer debts under the FDCPA because they were assessed pursuant to contractual obligations arising from home purchase).

[8] *See Boyd v. J.E. Robert Co., Inc.*, 765 F.3d 123, 126 (2d. Cir. 2014) (holding mandatory water and sewage charges were not FDCPA debts as they were incidental to property ownership); *Beggs*, 145 F.3d at 512 (municipal taxes were not a debt under the FDCPA where they arose automatically from ownership of personal property).

[9] "Gathering and disposing of garbage is a health measure for the benefit of the general public." *Town of Eclectic v. Mays*, 547 So. 2d 96, 105 (Ala. 1989). It is a service that municipalities provide to "protect the health of the citizens . . . by collecting and disposing of garbage so as to minimize the occurrence of disease." *Martin v. City of Trussville*, 376 So. 2d 1089, 1094 (Ala. Civ. App. 1979). In that regard, Morrow's fees benefitted her as an individual and as a member of the general public. *See, e.g., St. Pierre*, 898 F.3d at 362-63 (finding service rendered in exchange for highway toll was not for personal use where funds contributed to general highway maintenance).

a debt. Morrow cannot make such a showing.

Alabama cities and towns have the right to establish and maintain garbage disposal systems and "to fix and collect such reasonable fees as may be necessary" for that maintenance. Ala. Code 1975 § 11-47-135. Individuals who refuse to use municipal garbage services face jail for up to six months and a maximum fine of $500. Ala. Code 1975 § 11-45-1. Under the Solid Wastes and Recyclable Materials Management Act, "[e]very person . . . shall participate in and subscribe to . . . [a garbage collection] service unless granted a certificate of exception." Ala. Code 1975 § 22-27-3(a)(2). Without this certificate of exception, garbage collection services are mandatory. *Martin v. City of Trussville*, 376 So. 2d 1089, 1093 (Ala. Civ. App. 1979). Residents seeking a certificate of exception must file an application with their county health officer explaining how they will comply with sanitation rules and regulations set by state and county boards of health. *Id.* at § 22-27-3(g). The county health officer then performs an investigation of the proposed plan and either issues or denies the certificate of exception. *Id.*

A review of the Alabama Code and cases show that the services Morrow received and the fees she owed Franklin County were mandatory, rather than contractual. Unlike the plaintiffs in *Pollice*, *Piper*, and *St. Pierre*,[10] Morrow did not have the option to forego the service or pay based on how much she chose to use

---

[10] *See supra* note 7.

8

it.[11] Garbage collection services and the accompanying fees are automatically assessed against residents of Alabama. Thus, the fees Morrow incurred and which SRA sought to collect were not the result of a transactional, consensual dealing between Morrow and the municipal government—they were imposed upon her as a consequence of her residency in the state. Therefore, Morrow's obligation to the county did not arise from a contract. Because Morrow's obligations to Franklin County did not arise out of a "transaction" for the purposes of the FDCPA, she fails to state a claim under the statute. Accordingly, SRA's motion for judgment on the pleadings is due to be granted.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the court will grant SRA's Motion for Judgment on the Pleadings, doc. 11, and dismiss without prejudice Morrow's Complaint, doc. 1. A separate order in accordance with this memorandum opinion will be entered.

**DONE** the 18th day of December, 2019.

                                                    **ABDUL K. KALLON**
                                                  UNITED STATES DISTRICT JUDGE

---

[11] *See Beard v. State*, 627 So. 2d 1122, 1125 (Ala. Crim. App. 1993) (holding "waste collection and disposal services are 'furnished' when the services have been provided . . . not when the services have been utilized by the customer").